IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TERRY ELIZABETH SCHMIDT, Individual Taxpayer (Non-Attorney);

Schmidt,

vs.

UNITED STATES GOVERNMENT, The; SCOTT BESSENT, Internal Revenue Service Commissioner; US Treasury Secretary; FRANK BISIGNANO, Internal Revenue Service Chief Executive Officer; PAMELA JO BONDI, Attorney General of the United States; and LESLEY A. WOODS, US Attorney, The District of Nebraska;

Defendants.

**4:25-CV-3225**

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

Terry Elizabeth Schmidt (Schmidt) brought this action alleging that the Internal Revenue Service (IRS) erroneously or illegally assessed her 2012 tax return. Filing 1. Defendants IRS, Scott Bessent, Frank Bisignano, Pamela Jo Bondi, and Lesley A. Woods (Defendants) jointly move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Filing 14. For the reasons stated below, the Court grants Defendants' Motion to Dismiss with prejudice.

## I. INTRODUCTION

### A. Factual Background

On a Rule 12(b)(6) motion to dismiss for failure to state a claim and a Rule 12(b)(1) "facial" challenge to subject-matter jurisdiction, which requires application of Rule 12(b)(6) "safeguards," the factual background is drawn from allegations in the Complaint taken as true. *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (explaining that, in a Rule 12(b)(6) motion, a court must accept facts alleged in the complaint as true). Thus, the following summary is drawn from the Complaint, Filing 1.

On February 25, 2013, Schmidt filed her IRS-1040 return for the tax year 2012. Filing 1 at 9, 28. On the same day, Schmidt filed a request for refund on her 2012 tax return of $186.00, the discrepancy between her W-2 withholding and IRS-1040 return. Filing 1 at 8, 28. The IRS issued a refund of $186.00. Filing 1 at 28.

On December 29, 2014, the IRS initiated a review of unreported income for the tax year 2012. Filing 1 at 28. On January 12, 2015, the IRS reviewed Schmidt's 2012 tax return and assessed additional taxes for allegedly unreported self-employment income amounting to $4,938.00. Filing 1 at 4, 28. The IRS also charged Schmidt interest amounting to $265.41 for late payment. Filing 1 at 28. On May 11, 2015, the IRS "[r]educed or removed prior tax assessed" and the "interest charged for late payment" totaling $5,203.41. Filing 1 at 28. The IRS notified Schmidt that she "had no self-employment income or other income in 2012." Filing 1 at 8 n.4. However, on October 19, 2015, the IRS again assessed additional taxes for allegedly unreported self-employment income amounting to $4,938.00 with an added late payment interest of $386.54. Filing 1 at 28.

On April 15, 2016, the IRS credited a value of $1,156.00 to Schmidt's outstanding tax balance. Filing 1 at 28. On April 15, 2020, the IRS credited $644.00 to Schmidt's outstanding tax balance. Filing 1 at 29. On April 15, 2021, the IRS credited $520.00 to Schmidt's outstanding tax balance. Filing 1 at 29. These credits to the outstanding amount owed culminated with the IRS issuing Schmidt a Notice of Intent to Levy for the value of $5,714.22 on November 22, 2021. Filing 1 at 24.

On January 20, 2022, Schmidt filed a formal request for "Collection Due Process or Equivalent Hearing." Filing 1 at 8. The IRS granted "an equivalent hearing." Filing 1 at 24. On April 11, 2022, the IRS charged additional interest and a penalty for late payment amounting to

$1,242.33 and $1,003.00 respectively. Filing 1 at 29. The requested hearing took place on June 13, 2023, with an Officer of the IRS Independent Office of Appeals (IRS Appeals). Filing 1 at 7, 24.

On October 31, 2023, the IRS issued a Notice of Claim of Partial Disallowance (Notice of Partial Disallowance). Filing 1 at 18–21. At that time, the IRS granted a credit of $3,138.00 on Schmidt's claim. Filing 1 at 18. The IRS noted that it "partially disallowed [Schmidt's] claim because [the] claim for credit or refund was filed more than 2 years after [she] paid the tax." Filing 1 at 18. Additionally, the IRS's Notice of Partial Disallowance informed Schmidt of her right to appeal the decision or file suit "with the United States District Court that has jurisdiction or with the United States Court of Federal Claims." Filing 1 at 18, 20. The Notice of Partial Disallowance also specified that

> If you paid the entire amount . . . that was assessed, the law gives you 2 years from the date of this letter to file suit with the United States District Court . . . . The 2-year period can be extended if you and the IRS sign [an] . . . Agreement to Extend the Time to Bring Suit. If instead, within 30 days of receiving notice of . . . demand for payment, you paid at least 15 percent but less than the entire penalty amount and filed your claim for refund of the amount you paid, the law gives you a discrete 30-day period to file suit with the United States District Court. You must file suit within 30 days after the earlier of:
>
> - (1) 6 months after the date you filed your claim for refund, or
> - (2) the date we send you a letter denying your claim.
>
> So, if the date of this letter is less than 6 months after the date you filed your claim for refund, any suit to contest the penalty before you pay its entire amount with the United States District Court within 30 days from the date of this letter. [IRS] Appeals' consideration of your claim doesn't extend the 2-year or 30-day period to file suit.

Filing 1 at 20; *see also* I.R.C. §§ 6514, 6532.

On December 6, 2023, Schmidt requested an "appeal on the unfavorable portion of [the Notice of Partial Disallowance] claim." Filing 1 at 32. Additionally, Schmidt "submit[ed] a personal check . . . payment under protest towards [the] alleged balance resulting from the unfavorable portion of [the Notice of Partial Disallowance] claim." Filing 1 at 33. On November

7, 2024, IRS Appeals concluded its review and rejected Schmidt's claim for refund of $4,938.00 for the tax year 2012." Filing 1 at 30. Notably, IRS Appeals emphasized that Schmidt had "until October 31, 2025 to petition the courts" because the previous Notice of Partial Disallowance "was dated October 31, 2023" and the Internal Revenue Code only permits judicial recourse within two years. Filing 1 at 30 (discussing I.R.C. §§ 6514, 6532).

### B. Procedural Background

On October 31, 2025, Schmidt mailed a pro se action contesting the IRS's 2012 tax year assessment to the United States District Court of Nebraska. Filing 1. The Clerk of Court received and filed the action on November 3, 2025. *See* Filing 1.

On July 20, 2026, Defendants filed the Motion to Dismiss now before the Court. Filing 14. The parties submitted the appropriate responses to the Motion to Dismiss. Filing 15; Filing 16; Filing 17; Filing 18.

## II. LEGAL ANALYSIS

### A. The Parties' Arguments

In support of its Motion to Dismiss, Defendants contend that Schmidt's Complaint should be dismissed under either Rule 12(b)(1) or Rule 12(b)(6). Filing 16 at 1. First, Defendants argue that the Court lacks subject-matter jurisdiction over the action because Schmidt lacks standing under 26 U.S.C. § 6532. Filing 16 at 5. Defendants argue that Schmidt's failure to file the action within the two years allowed by statute means the Court is unable to provide redress for the claim that forms the basis of the suit. Filing 16 at 6. Additionally, Defendants argue that the untimeliness of filing the action in this Court results in a failure to state a claim upon which this Court may grant relief. Filing 16 at 8–9. Therefore, Defendants request that this Court dismiss Schmidt's claim with prejudice because amendment of her complaint is futile as a result of her untimeliness to file the action with this Court. Filing 16 at 9–10.

In response, Schmidt argues that she complied with the statutory two-year rule because she mailed the complaint and check to the Court on October 31, 2025. Filing 17 at 8. Schmidt contends that the date of mailing—not the date of reception and processing—qualities as the "protective filing date." Filing 17 at 9. Schmidt requests that this Court deny Defendants' Motion to Dismiss in its entirety or allow for leave to amend her complaint. Filing 17 at 15–16.

**B. Relevant Legal Standards**

If the Court does not have subject-matter jurisdiction over Schmidt's claims, then the Court need not determine whether Schmidt has failed to state a claim. *See Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002) ("Subject matter jurisdiction is a threshold matter that [courts] are obligated to address at the outset."). However, Defendants assert Schmidt's untimeliness as the basis for dismissal under both Rule 12(b)(1) and Rule 12(b)(6). *See* Filing 16 at 5–6, 8–9. Therefore, the two grounds for dismissal rise and fall together; the Court need only determine whether Schmidt's action is time barred for lack of subject-matter jurisdiction because of untimeliness. *See, e.g.*, *Kaffenberger v. United States*, 314 F.3d 944, 950–51 (8th Cir. 2003).

*1. Rule 12(b)(1) Standards*

Federal Rule of Civil Procedure 12(b)(1) provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The plaintiff bears the burden of establishing subject matter jurisdiction." *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). "When considering a motion under Rule 12(b)(1), a court is to consider whether a party is asserting a 'facial attack' or a 'factual attack' on jurisdiction." *Smith v. UnitedHealth Grp. Inc.*, 106 F.4th 809, 813 (8th Cir. 2024) (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016)).

"When considering a facial attack, 'the court looks only at the pleadings and gives the non-moving party the same protections available under Rule 12(b)(6).'" *Cunningham v. Kahler*, 171

F.4th 1115, 1119 (8th Cir. 2026) (quoting *Smith*, 106 F.4th at 813). Therefore, a facial attack mandates the court to accept "the facts alleged in the complaint as true and draw[] all reasonable inferences in favor of the nonmovant." *Bauer*, 25 F.4th at 589 (alteration in original) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)). Alternatively, when considering a factual attack, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of [Rule 12(b)(6)] safeguards." *Carlsen*, 833 F.3d at 908 (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

In this case, Defendants assert a facial attack on jurisdiction. Filing 18 at 1. Therefore, the Court applies Rule 12(b)(6) safeguards. *Cunningham*, 171 F.4th at 1119.

*2. Relevant Statutory Provisions*

"Congress has expressly waived sovereign immunity for suits against the United States by taxpayers seeking to recover tax refunds." *Barse v. United States*, 957 F.3d 883, 885 (8th Cir. 2020) (quoting *Kaffenberger*, 314 F.3d at 950); *see also* U.S. Const. amend. XI. The Internal Revenue Code provides a taxpayer a civil cause of action for refund of "erroneously or illegally assessed or collected" taxes. 26 U.S.C. § 7422(a); *accord* I.R.C. § 7422. A taxpayer's right to sue for a refund suit against the United States under § 7422(a) must comply with various statutory provisions. *See Hansen v. United States*, 248 F.3d 761, 763–64 (8th Cir. 2001). Relevant here, 26 U.S.C. § 6532(a)(1) provides that

> No suit or proceeding under [26 U.S.C. § 7422(a)] for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1); *accord* I.R.C. § 6532. Therefore, a taxpayer's suit is barred if they fail to file their claim within two years after the date of the mailing of the IRS letter disallowing their claim. *See* 26 U.S.C. § 6532(a)(1); *see also, e.g.*, *Loudner v. United States*, 108 F.3d 896, 900 n.1

(8th Cir. 1997) ("The applicable statute of limitations is a term of consent. The [taxpayer's] failure to sue within the period of limitations is not simply a waivable defense; it deprives the court of jurisdiction to entertain the action." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir.), *cert. denied*, 498 U.S. 824 (1990) (mem.))).

### C. Schmidt Failed to Bring Suit Within the Two-Year Statute of Limitations

The Court finds that Schmidt failed to timely file her complaint by October 31, 2025. It is undisputed that the IRS sent Schmidt a Notice of Partial Disallowance on October 31, 2023. Filing 1 at 18–21. According to 26 U.S.C. § 6532(a)(1), Schmidt had "2 years from the date of mailing . . . by the Secretary to the taxpayer of a notice of the disallowance" to file a suit in the appropriate district court. 26 U.S.C. § 6532(a)(1). Therefore, Schmidt had until October 31, 2025, to file her complaint seeking refund for her 2012 tax year assessment. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 5(d)(2) ("A paper not filed electronically is filed by delivering it . . . to the clerk . . . ."). Although Schmidt mailed her complaint on October 31, 2025, it was not filed until November 3, 2025. Filing 1 at 1. Therefore, Schmidt did not comply with the statute of limitations provided by § 6532(a)(1) because her complaint was filed more than two years from the date the Notice of Partial Disallowance was mailed.[1] *See* 26 U.S.C. § 6532(a)(1); *cf. Barse*, 957 F.3d at 885–86.

Defendants request that the Court dismiss this case with prejudice because "amendment of [Schmidt's] complaint would be futile." Filing 16 at 9; *see* Fed. R. Civ. P. 15(a). The Court

[1] The Court finds as inapplicable the statutory mailbox rule provided in 26 U.S.C. § 7502. The statutory mailbox rule provides that "any . . . document required to be filed, . . . within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue law is, after such period or such date, delivered by United States mail to the agency, officer, or office" then "the date of the United States postmark stamped on the cover . . . shall be deemed to be the date of delivery." 26 U.S.C. § 7502(a)(1). However, § 7502(f) explicitly excludes "filing of a document in . . . any court other than the Tax Court" from the statutory mailbox rule. 26 U.S.C. § 7502(f)(1). Therefore, Schmidt cannot rescue the timeliness of her Complaint by relying on the statutory mailbox rule.

recognizes that dismissal with prejudice is an exercise of its discretion. *See Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012). Under these circumstances, the Court determines that dismissal with prejudice is appropriate because amendment will not cure the untimely filing of Schmidt's Complaint. *See* Fed. R. Civ. P. 12(b)(1); *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009).

**III. CONCLUSION**

Upon the foregoing,

IT IS ORDERED that Defendants' Motion to Dismiss, Filing 14, is granted with prejudice.

IT IS FURTHER ORDERED that judgment shall enter in favor of Defendants and against Terry Elizabeth Schmidt.

Dated this 29th day of September, 2026.

BY THE COURT:

______________________________
Brian C. Buescher
Chief United States District Judge